# COAN

*v.*

# ANTONGIORGI.

San Juan, Law, No. 1218.

JURISDICTION ON CITIZENSHIP.

Jurisdiction—Citizenship.

> The general rule that jurisdiction of the Federal court depends
> upon diversity of citizenship applies in the district court for Porto
> Rico; and a complaint must aver difference of state citizenship, as
> well as not being domiciled in Porto Rico.

Opinion filed January 7, 1918.

*Mr. Frank Antonsanti* for plaintiffs.

*Mr. H. R. Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case comes up on demurrer, alleging that there is no
showing in the complaint of a diversity of citizenship, such as
is necessary to give this court jurisdiction. The allegation
in the complaint is that the plaintiffs are citizens of the United
States, residing in New York, and the defendant is a citizen
of the United States, residing in San Juan.

The jurisdiction of Federal courts as to Americans general-
ly depends upon diversity of citizenship. Residence is of im-

Coan v. Antongiorgi.

portance in some respects, but the primary question is as to diversity of citizenship. Judicial Code, § 24, gives jurisdiction to district courts of suits between citizens of different states where the suit is not one arising under the Constitution, treaties, or laws providing otherwise. This has been construed in Marks v. Marks, 75 Fed. 321, which holds that citizenship and residence are different things, and that an averment of the one is not an averment of the other. It is true that the jurisdiction of the United States district court for Porto Rico has some elements different from that of Federal courts elsewhere, in that it is given jurisdiction of all controversies where the parties on either side are "citizens of a state, territory, or district of the United States not domiciled in Porto Rico;" and it is also true that for some purposes there is a citizenship of the United States distinct from that of an individual state. Nevertheless the general rules as to jurisdiction apply to this district court. Non constat from the complaint that the plaintiffs and defendant are all citizens of the same state, and that the only difference between them is that the plaintiffs are residents of New York and the defendant a resident of San Juan. If the provisions in § 41 of the Jones Act as to domicil are important in the case at bar, the complaint is still deficient, inasmuch as residence and domicil are not the same thing.

Except in the case of foreigners, it is necessary that the complaint allege that the plaintiffs are citizens of a different state from the defendant. Residence is not the equivalent of citizenship. Whether an allegation of American citizenship without stating that of a particular state would be sufficient in a suit between such an American citizen and a foreigner

is not presented by the pleadings. The present suit is between American citizens; and not only has the statute provided as above, but under the Constitution the statute could not provide otherwise. The Constitution under which the statute must be drawn provides in art. 3, § 2, that "the judicial power shall extend to all cases in law and equity . . . between citizens of different states." How far Congress could go in adding to this a special jurisdiction for Federal courts exercising their functions in a territory, such as Porto Rico, need not be determined. Congress has not done so. The general rules of the jurisdiction of this court are the same as for other Federal courts.

The demurrer, therefore, is sustained.

It is so ordered.